1

2   **HONORABLE**

05-CV-05287-CMP

FILED ___ LODGED
RECEIVED

APR 2 2 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY___ DEPUTY

6

7

8   **UNITED STATES DISTRICT COURT**

9   **FOR THE WESTERN DISTRICT OF WASHINGTON**

10

11   DAVID COLE,                             CASE NO. **C05  5287** KLS

12        Plaintiff,                          **COMPLAINT FOR DAMAGES**
                                             For:
13   v.                                       DISCRIMINATION BASED ON RELIGION
                                             RETALIATION
14   STERLING AUTO SALES & LEASING,           DEFAMATION
     LLC and DOES 1-10 inclusive,
15
          Defendants.
16

17        COMES NOW, Plaintiff DAVID COLE , individually and alleges against Defendants, and

18   each of them as follows:

19                              **NATURE OF THE ACTION**

20                                          1.

21        Plaintiff institutes this action and invokes the jurisdiction of this court under and by virtue

22   of 28 U.S.C. §1343 to obtain costs, including reasonable attorney fees, and damages suffered by

23   Plaintiff and caused by Defendant's violation of Plaintiff's rights.

24

25

26                                                      The Betker Law Firm, PC
                                                        2409 E Evergreen Blvd
27   *COMPLAINT*                                        Vancouver, WA 98661
                                                        (360) 892-6400
28   *Page 1*                                           Facsimile: (360) 892-6404

2

Defendants engaged in a pattern and practice of creating and maintaining a discriminatory work environment based on his religion and retaliating against plaintiff for complaining and resisting such environment.  Plaintiff also seeks injunctive relief.

**JURISDICTION AND VENUE**

3

This court also has jurisdiction over this action under 28 U.S.C. §1331, in that the matter in controversy arises under The Constitution of the United States, and RCW 49.60.

4

This court has jurisdiction over plaintiff's Washington state law claims set forth in this Complaint pursuant to its supplemental jurisdiction to hear related state law claims under U.S.C. § 1367(a).  Both the federal claims and the state actions are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5

The events alleged in this complaint occurred in the State of Washington. Plaintiff believes and thereupon alleges that all or substantially all of the defendants are residents and/or conducts business in the State of Washington.

**GENERAL ALLEGATIONS**

6

Based upon information and belief, Plaintiff DAVID COLE is an individual and at all times relevant to this action, a resident of Cowlitz County, State of Washington and a citizen of the United States.

The Betker Law Firm, PC
2409 E Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404

7

At all times relevant times herein, Defendants STERLING AUTO SALES & LEASING, LLC. (hereinafter "STERLING") was organized and empowered by the State of Washington. At all times relevant herein, DOES 1-10, (hereinafter "DOES") were agents of STERLING acting in their official respective capacities and individually.

8

Plaintiff is informed and believes and thereon alleges that the Defendants named herein are responsible in some manner for the acts, omissions and occurrences herein alleged, and that Plaintiff's damages, as hereinafter alleged, were proximately caused by such occurrences.

9

Plaintiff COLE has been employed as a salesman for Sterling originally on or about April 1, 1997.  On May 1, 2000 Plaintiff Cole went to work at another car dealership.  Plaintiff Cole was lured back to STERLING with the promise of higher pay at a new position on June 1, 2001.  This time Plaintiff's position was that of Assist Manger, Closer and trainer.

10

Plaintiff COLE started attending meetings at General Motors Headquarters with the General Manager of STERLING, Les Purtteman.

11

The essential terms of the employment relationship between defendant STERLING   and Plaintiff, COLE were as follows: (a) that Plaintiff would provide talent, skill, experience, knowledge and industry to Defendants; (b) that Defendants would not act arbitrarily with Plaintiff or engage in unlawful discriminatory practices against Plaintiff including discriminatory practices prohibited by The Constitution of the United States  and RCW §49.60 and (c) that Defendants would not retaliate against Plaintiff for exercising his rights under these laws, and (d) that Plaintiff would be

COMPLAINT
Page 3

The Betker Law Firm, PC
2409 E Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404

1   compensated a base monthly guarantee in wages and 50% of all the sales Plaintiff closed along with
2   bonuses.  The agreement for compensation was signed .

3                                          12

4            During the term of his employment with Defendants, Plaintiff performed the various
5   responsibilities in an exemplary fashion, closed an average of 11 sales a month, received favorable
6   performance reviews in recognition of his continuous meritorious performance, and otherwise
7   capable performed each and every condition of the employment agreement.

8                                          13.

9            In October, 2003 a new manager came to work for STERLING.  Things started to change
10  right away after the new manager came in. The new managers name was Lonnie Reed. Plaintiff was
11  immediately demoted to crew chief and not long after was told he had to go back to becoming a
12  salesman notwithstanding the promises made when he had been lured back to Sterling.  Finally
13  Plaintiff was terminated in December of 2003.

14                                         14

15           While Plaintiff COLE still worked at Sterling, Lonnie Reed and others would make
16  comments regarding Plaintiff's religion. Plaintiff is a Jehovah Witness who does not believe in
17  Christmas. Nevertheless, Plaintiff was told to decorate for Christmas and comments made regarding
18  Plaintiff's religious beliefs.  Further, comments regarding Plaintiff's wife were made regarding the
19  couples' religious beliefs. There were other comments made at the workplace as well regarding
20  Plaintiff's religion.

21                                         15

22           In January, 2004 Plaintiff COLE started hearing rumors around the community that Plaintiff
23  was terminated and being investigated for embezzlement, which simply was a false fact told to
24  members of the community.  Plaintiff discussed the matter with James Sterling in an effort to have
25  it rectified, but met with little success.

26
27  *COMPLAINT*
28  *Page 4*

The Betker Law Firm, PC
2409 E Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404

16

In February, 2004 a message was left on the phone where Plaintiff went to work.  The message was from a previous customer of Plaintiff COLE who went into Defendant's business looking for Plaintiff.  The client asked for Cole and was told he was fired and being investigated for embezzlement.  Plaintiff called the customer back and found that Defendants said more terrible things against Plaintiff that were not true.

17

On or about December 4, 2003, Plaintiff was informed that he had been terminated while he was out of town taking time to explore his options after he had been demoted.  He had one hour to come into the dealership and sign papers for the demotion or he was fired.  Obviously, Plaintiff could not physically do so and was terminated.  Actually, in truth Defendant terminated Plaintiff's employment b ecause h e w as d ifferent t han o ther e mployees d ue t o h is r eligious b eliefs.  T he dealership and the new manager in particular, focused in on the religious beliefs of Plaintiff COLE and set out in a pattern of conduct designed to rid Plaintiff of his position and eventually the employment relationship.

18

Plaintiff COLE complained of the conditions of his employment long before he was terminated, but the complaints fell on deaf ears.

19

Plaintiff has exhausted his administrative remedies and has received his "right to sue" letter from the EEOC.

20

COMPLAINT
Page 5

The Betker Law Firm, PC
2409 E Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404

1    Defendant's conduct as described herein was abhorrent. As a result of Defendants' conduct,

2    Plaintiff COLE suffered injury, emotional distress, embarrassment, loss of dignity, humiliation, and

3    is entitled to recover from Defendant non-economic damages in an amount to be proven at trial.

4                                            21

5    Defendants' acts were done intentionally and with an improper motive. Such conduct should

6    not be tolerated by this society and exemplary damages should be awarded.

7                                            22

8    Defendants' acts constitute a pattern and practice of discriminatory conduct and retaliation

9    which should be permanently enjoined by this court's entry of a permanent injunction prohibiting

10   such conduct in the future.

11                                           23

12   Plaintiff is entitled to recover his reasonable attorney fees, costs, and expert witness expenses

13   pursuant to but not limited to U.S.C. §2000e-5(k).

14

15                              **FIRST CAUSE OF ACTION**

16                           **Discrimination Based Upon Religion**

17   Plaintiff hereby incorporates by reference Paragraphs 1 though 23 as though fully set

18   forth herein.

19   24.  The actions of demotion and/or termination of Plaintiff COLE's employment status

20   was a direct result of discriminatory behavior by Defendant STERLING and managers in charge

21   as a whole.  The policies allowed to be put in place violated the rights of Plaintiff Cole as

22   described above.

23   25. Defendants' maintenance, aiding and abetting of a discriminatory workplace

24   environment based on religion as herein alleged violates both state and federal law and entitles

25   Plaintiff to all appropriate remedies.

26

27   *COMPLAINT*

28   *Page 6*

The Betker Law Firm, PC
2409 E Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404

1    WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth.

2

3                          **SECOND CAUSE OF ACTION**

4                                  **Retaliation**

5    Plaintiff hereby incorporates by reference Paragraphs 1 through 25 as though fully set forth

6    herein.

7    26. As a result of the conduct in retaliation for Plaintiff exercising his protected rights as

8    described above, Defendants retaliated against Plaintiff with harassing behavior, poor working

9    conditions, false accusations, false reports and adverse employment actions including demotion and

10   termination. Defendants' conduct described herein was retaliatory and Plaintiff is entitled to relief.

11   WHEREFORE, Plaintiff prays judgment against Defendants as hereinafter set forth.

12                          **THIRD CAUSE OF ACTION**

13                                 **Defamation**

14   27. Plaintiff hereby incorporates by reference Paragraphs 1 through 26 as though fully set

15   forth herein.

16   28.  Defendant STERLING made false statements of fact to members of the community

17   regarding Plaintiff COLE's professional conduct and published such statements to third persons

18   on numerous occasions.  Damages in this instance are presumed.

19

20                          **FOURTH CAUSE OF ACTION**

21                              **Breach of Contract**

22   29.  Plaintiff hereby incorporates by reference Paragraphs 1 through 28 as though fully set

23   forth herein.

24   30. Both a written and verbal contacts were formed with plaintiff specifically laying out

25   the employment relationship. The terms are spelled out as described above.

26                                                          The Betker Law Firm, PC
                                                            2409 E Evergreen Blvd
27                                                          Vancouver, WA 98661
     *COMPLAINT*                                            (360) 892-6400
28   *Page 7*                                               Facsimile: (360) 892-6404

1        31. Defendants failed to perform under the contract as described above in pay cuts,

2  demotions, and discriminating/retaliating against Plaintiff.

3        32. Such failure of performance caused a breach of the contractual relationship

4  causing damage to Plaintiff COLE.

5        33. Plaintiff COLE also has mitigated his damages in spite of these actions.

6        **WHEREFORE**, Plaintiff prays the court acts and makes judgment against Defendants

7  as follows:

8        1. Assume jurisdiction over each of the causes of action set forth herein;

9        2. Grant a permanent injunction against defendants, its officers, management personnel,

10  employees, agents, successors, and assigns and all persons in active concert or participation with

11  each other defendants, from engaging in any employment practices which discriminate on the

12  basis of religion and from retaliating against any employee for asserting their rights under the

13  Constitution of the United States or the State of Washington.

14        3. Order Defendants to take any marks off the personnel record of plaintiff as a result of

15  this action and facts stated herein;

16        4. Order defendant to make plaintiff whole by providing compensation for non-pecuniary

17  losses, as stated, in an amount to be proven at trial.

18        5. Order Defendants to pay Plaintiff enhanced/punitive damages for intentional and

19  malicious conduct;

20        6. Order Defendants to pay Plaintiff's lost past, future wages and benefits of employment'

21        7. Award Plaintiff his costs of suit, reasonable attorney fees, costs and expert witness

22  fees.

23        8. Order Defendants to pay pre-judgment and post-judgment interest on all amounts due

24  to plaintiff as a result of this action;

25        9. For such other and further relief as this Court deems just and proper.

26

27    *COMPLAINT*

28    *Page 8*

The Betker Law Firm, PC
2409 E Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404

1

## JURY TRIAL DEMAND

2   Plaintiff demands a jury trial on all questions of fact or combined questions of fact and

3   law raised by this Complaint.

4   DATED this 19 day of April, 2005.

5

Mary A. Betker, WSBA 30429

6   Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   *COMPLAINT*

28   *Page 9*

The Betker Law Firm, PC
2409 E. Evergreen Blvd
Vancouver, WA 98661
(360) 892-6400
Facsimile: (360) 892-6404