UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID COLE,<br><br>        Plaintiff,<br><br>    v.<br><br>JIM STERLING MOTORS, INC. and DOES 1-10,<br><br>        Defendants. | Case No. C05-5287RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO POSTPONE TRIAL AND EXTEND PRETRIAL DEADLINES |

This matter comes before the court on the Plaintiff's Motion to Postpone Trial and Extend Pretrial and Discovery Deadlines, Pretrial Order Deadline, and Joint Status Report Deadline (Dkt. 17-1). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. BACKGROUND AND DISCUSSION**

On February 6, 2006, counsel for the plaintiff, Mary A. Betker, moved to withdraw as counsel of record for plaintiff David Cole in the above-captioned matter. Dkt. 13. The discovery deadline in this case was December 27, 2005. Dkt. 11. The motion was granted. Dkt. 15. On February 16, 2006, Martin C. Dolan appeared as counsel on behalf of Mr. Cole. Dkt. 16.

Counsel for the plaintiff now moves for an order postponing trial and several pretrial deadlines. Dkt. 17-1. Plaintiff's counsel seeks an extension of 120 days because the plaintiff's former attorney was unable to complete discovery or meet the court's deadlines. Dkt. 18-1 at 2.

ORDER - 1

The defendant does not object to postponing the trial date but asks that the court not change the rest of the case schedule. Dkt. 19. Counsel for the defendant contends that the plaintiff has not met his discovery obligations and does not deserve a postponement of the discovery deadline. *Id.* Defense counsel further contends that allowing discovery to proceed in the months before the proposed postponed trial date would be burdensome because he has at least three other cases that are expected to go to trial during that time. *Id.* In reply, Mr. Dolan stated that he has been unable to elicit a response from plaintiff's former counsel. Dkt. 22.

The court is mindful that granting the plaintiff's request will be burdensome to defense counsel. The court must balance the imposition caused to the defendant with the injustice that might result if the plaintiff were not allowed to complete discovery due to his former attorney's inability to adhere to the court's deadlines. As has been previously conveyed to both parties, the court aggressively manages cases for the benefit of the litigants and is reluctant to delay a case beyond one year following the filing of the complaint. Dkt. 12. An exception is appropriate, however, where adhering to a rigorous case schedule would unduly prejudice the parties. Such appears to be the case here.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the Plaintiff's Motion to Postpone Trial and Extend Pretrial and Discovery Deadlines, Pretrial Order Deadline, and Joint Status Report Deadline (Dkt. 17-1) is **GRANTED**. It is further **ORDERED** that the plaintiff shall provide any outstanding discovery forthwith and that the parties shall meet and confer and shall adopt a discovery plan governing the remaining necessary discovery. The trial, pretrial, and discovery deadlines are reset as follows: Trial is set for September 14, 2006; the deadline for the FILING of any motion to join parties is March 8, 2006; the deadline for disclosure of expert testimony under FRCP 26(a)(2) is April 4, 2006; all motions related to discovery must be FILED by April 4, 2006; discovery must be completed by April 26, 2006; all dispositive motions must be FILED by June 9, 2006; the settlement conference per CR 39.1(c)(2) must be HELD no later than July 7, 2006; mediation

per CR 39.1(c)(3) must be HELD no later than July 9, 2006; a letter of compliance as to CR 39.1 must be FILED by August 4, 2006; motions in limine, if any, should be FILED by August 8, 2006, and NOTED on the motion calendar no later than the second Friday thereafter; an agreed pretrial order must be LODGED with the court by August 18, 2006; the pretrial conference will be held on September 4, 2006; and all trial briefs and proposed voir dire jury instructions are due on September 4, 2006.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of March, 2006.

_____
Robert J. Bryan
United States District Judge