UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID COLE,<br><br>    Plaintiff,<br><br>vs.<br><br>JIM STIRLING MOTORS, INC.<br><br>    Defendant. | C03-5320RJB<br><br>**MINUTE ORDER**<br>RE: MOTIONS IN LIMINE |

NOW, on this 12th of September, 2006, the Court directs the Clerk to enter the following Minute Order for the reasons stated orally in open court:

**(Dkt #44)**
Plaintiff moves to exclude the following evidence:

Plaintiff's Motion in Limine, **No. 1**: All evidence that after his termination, plaintiff hurt defendant's business by soliciting defendant's customers, as no breakdown of that harm was ever presented to plaintiff in discovery, despite requests to do so is **DENIED**;

Plaintiff's Motion in Limine **No. 2**: All evidence related to damages suffered by defendant resulting from allegations that plaintiff improperly stole "spin" money as no breakdown of that harm was ever presented to plaintiff in discovery, despite requests to do so is **GRANTED**;

Plaintiff's Motion in Limine **No. 3**: Any speculation or argument about the substance of the testimony of any witness who is absent or unavailable is **GRANTED**;

Plaintiff's Motion in Limine **No. 4**: Any reference to plaintiff's previous claim in small claims court 26 years ago for unpaid wage claims was not contested and is **GRANTED**;

Plaintiff's Motion in Limine **No. 5**: Any reference to the fact he stabbed his father when he was 13 years old was not contested and is **GRANTED**;

Plaintiff's Motion in Limine **No. 6**: Any reference to plaintiff's activities as a Jehovah's witness, i.e. door to door canvassing as mentioned by defendant's counsel in deposition of plaintiff on pages 86 and 87 is **DENIED**, as set forth in the Court's oral ruling;

Plaintiff's Motion in Limine **No. 7**: Any reference that religious discrimination is acceptable due to the fact that different religions make jokes about themselves as mentioned by defendant's counsel in deposition of plaintiff on pages 92 and 93 is **DENIED**, as set forth in the Court's oral ruling;

Plaintiff's Motion in Limine **No. 8**: Any reference that individuals at Stirling had no objections to plaintiff's religion is **DENIED**;

Plaintiff's Motion in Limine **No. 9**: Any personal attack on the plaintiff's counsel including any reference to plaintiff's counsel being from out of town, or not being local is **GRANTED**;

Plaintiff's Motion in Limine **No. 10**: All evidence relating tot he fact that plaintiff's previous counsel withdrew is **GRANTED**;

Plaintiff's Motion in Limine **No. 11**: Any reference to the receipt by plaintiff, or his entitlement to receive, benefits of any kind of from a collateral source is **GRANTED**;

Plaintiff's Motion in Limine **No. 12**: Any reference to the fact that plaintiff failed to call any witness equally available to all parties in the case is **GRANTED**; and

Plaintiff's Motion in Limine **No. 13**: Any reference to the time or circumstances under which plaintiff has employed a lawyer, or that a motive, purpose or result of this lawsuit will be to compensate plaintiff's lawyers is **GRANTED**.

**(Dkt #48)**
Defendant's Motion in Limine **No. 1**: That plaintiff be required to disclose and show to the Court and to defense counsel, before trial begins, all demonstrative trial exhibits is **GRANTED**;

Defendant's Motion in Limine **No. 2**: The Court should exclude allegations of harassment unrelated to plaintiff's claims is **DENIED**, as set forth in Court's oral ruling;

Defendant's Motion in Limine **No. 3**: Hearsay should be excluded is **DENIED AS MOOT**;

Defendant's Motion in Limine **No. 4**: Plaintiff should not be allowed to present testimony that he was in general a good, honest person or a good salesperson is **DENIED**, as set forth in Court's oral ruling;

Defendant's Motion in Limine **No. 5**:

　　**A**. The plaintiff should be limited to information produced in discovery is **DENIED**;

　　**B**. All witnesses not specifically disclosed should be disclosed excluded and witnesses should be limited to the scope disclosed is **DENIED**;

1   Defendant's Motion in Limine **No. 6**: The Plaintiff's evidence regarding
defamation should be limited both in regard to hearsay and to comments that
2   create a question of fact on defamation is **DENIED**.

3

   Defendant's Supplemental Motion in Limine Regarding Lonnie Reed, **Dkt #50**, is
4   **DENIED**.

5   Defendant's Motion in Limine to Exclude Lay Witness Testimony Regarding Plaintiff's
Defamation Claim, **DKT #53**, is **DENIED**.
6
   **(Dkt #56)**
7   Plaintiff moves to exclude the following evidence:

8   **No. 1**: Defendant should not be permitted to raise the Ellerth/Faragher defense.  This
motion  remains pending to be resolved as part of trial and/or jury instructions;
9
   **No. 2**: All evidence relating to Plaintiff's estimates on how many former customers
10      defendant Jim Stirling Motors bought vehicles from Plaintiff when Plaintiff was
employed at Bud Clary Chevrolet from 1/4/04 through 2/18/04 is **DENIED**, as set
11      forth in Court's oral ruling;

12   **No. 3**: All information sought in Plaintiff's request for deposition upon written questions
to John Stirling is **DENIED AS NOT TIMELY**.
13

14   The foregoing Minute Order entered by Dara Kaleel, by direction of the Honorable

15  ROBERT J. BRYAN, United States District Judge.

16

17

18

19

20

21

22

23

24

25

26