UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID COLE,

    Plaintiff,

    v.

JIM STIRLING MOTORS, INC., a Washington corporation,

    Defendant.

No. C05-5287RJB

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST ON BACK PAY AWARD AND ORDER REGARDING ENTITLEMENT TO DAMAGES TO OFFSET TAX CONSEQUENCES

    This matter comes before the court on the above-referenced motions (Dkt. 96). The court is familiar with all documents filed in support of and in opposition to the motion, the events of the trial, and the records and files herein.

    It appears from the authorities cited by the parties that plaintiff is entitled to prejudgment interest on back pay awarded by the jury, but only insofar as back pay was for a fixed sum. Plaintiff's base salary was an exact amount, but commissions on sales, under the evidence in the case, required the jury's opinion or discretion to fix an amount. It does appear to the court that it is appropriate to provide prejudgment interest on those fixed sums in order to make the plaintiff whole in regard to back pay wrongfully retained.

    It also appears that the appropriate amount of prejudgment interest on unpaid salary is in the amount of $11,726.25, as computed in Exhibit 2 to Plaintiff's Reply (Dkt. 111). The Motion for Prejudgment Interest should be **GRANTED** to that extent.

    The request for damages to offset tax consequences is a separate matter entirely. First, it appears to this writer that if damages to offset tax consequences are appropriate, they should be set by the jury

and not by the judge.  The request for a further hearing on this subject is not timely.  The court comes to this conclusion in spite of the language in *Van Pham v. Seattle City Light*, 124 Wn. App. 716 (2004), which seems to indicate that a supplemental proceeding regarding tax consequences is an appropriate way to proceed.

Plaintiff's request for a supplemental judgment to offset tax consequences under the Washington Law Against Discrimination is based in part on the cases *Blaney v. International Association of Machinsts*, 151 Wn.2d 203 (2004), and *Van Pham*.  Both of those cases indicate that an award of an additional sum to offset adverse federal income tax consequences <u>may</u> be awarded.  Neither case referred to any law binding on this court that <u>required</u> such supplemental damages.

It is interesting to note that the *Blaney* case, upon which *Van Pham* relied, was based on the Washington State Supreme Court's interpretation of Title VII, 42 U.S.C. 21 2000e.  The state court's interpretation was based in part on cases from other Circuits and other District Courts.  The Ninth Circuit has not specifically ruled on this issue, and whether the Ninth Circuit will interpret Title VII in the same way the State Supreme Court did in this regard remains to be seen.

In addition to the foregoing, opening up the issue of tax consequences of jury awards is a slippery slope.  All of us must pay income tax on our earnings; taxes, however, are based on an extremely complex Internal Revenue code and are often based on many choices that each taxpayer has in regard to management of individual financial affairs.  Under the circumstances presented in this case, it appears that Mr. Cole received a verdict for all he is entitled to; if what he receives is taxable - or is not taxable - that should not be an issue for the defendant or, for that matter, for the court.  There is no showing that the verdict is in any way unfair to plaintiff, even if he must pay taxes on a part of it.  If, at some point, it becomes clear in the law that tax consequences are a required part of the mix in determining damages, then this court will comply with that ruling.  The Motion for Damages to Offset Tax Consequences should be DENIED.

Therefore, it is now ORDERED that Plaintiff's Motion for Prejudgment Interest is GRANTED in the amount of $11,726.25, and the Motion for Damages to Offset Tax Consequences is DENIED.  A supplemental judgment will be ordered by the court by separate order.

DATED this 23rd day of October, 2006.

Robert J. Bryan
United States District Judge